UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

A.P., a minor, by and :
through CRAIG R. POWERS and :
SUSAN R. POWERS, :
 :
                                      : Case No. 3:07CV833(MRK)
        Plaintiffs, :
 :
v. :
 :
WOODSTOCK BOARD OF :
EDUCATION, :
 :
        Defendant. :

**RULING AND ORDER**

Currently pending before the Court is the Woodstock Board of Education's ("Board") Motion to Dismiss [doc. # 11]. The Board argues that this Court lacks subject matter jurisdiction over this lawsuit because the Plaintiffs failed to serve notice of their appeal on the Connecticut Department of Education ("Department") within forty-five days of the mailing to them of the Department's final decision regarding their administrative appeal. For the reasons that follow, the Court denies the Board's motion.

**I.**

Craig and Susan Powers originally sought a due process hearing with the Department regarding their son, A.P.,[1] in February 2006. A.P. is a middle-school student with a non-verbal learning disorder, and Mr. and Mrs. Powers were concerned that the Woodstock Middle School was not meeting its obligations to A.P. under the Individuals with Disabilities Education Act ("IDEA"), 20 U.S.C. § 1400 *et seq.* The Department hearing officer ruled in favor of the Middle School, concluding that the school had satisfied the requirements of the IDEA. The hearing officer mailed

---

[1] For privacy reasons, A.P. will be referred to by his initials only.

the final decision to the parties on April 13, 2007. Mr. and Mrs. Powers filed this appeal *pro se* on A.P.'s behalf on May 25, 2007, and served the complaint on counsel for the Board by mail on May 31, 2007. However, the Powerses concede that they did not serve a copy of the complaint upon the Department – which is not a party to this action – until August 22, 2007.

## II.

In considering a motion to dismiss for lack of subject matter jurisdiction under Rule 12(b)(1) of the *Federal Rules of Civil Procedure*, "a court must accept as true all material factual allegations in the complaint." *Shipping Fin. Servs. Corp. v. Drakos*, 140 F.3d 129, 131 (2d Cir. 1998) (citing *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974)). As the Second Circuit has noted, however, "when the question to be considered is one involving the jurisdiction of a federal court, jurisdiction must be shown affirmatively, and that showing is not made by drawing from the pleadings inferences favorable to the party asserting it." *Id.* (citing *Norton v. Larney*, 266 U.S. 511 (1925)). Because federal courts are courts of limited jurisdiction, the party asserting federal jurisdiction bears the burden of proof on that issue. *See Malik v. Meissner*, 82 F.3d 560, 562 (2d Cir. 1996). In making its determination under Rule 12(b)(1), a court may consider affidavits and other material beyond the pleadings. *See Robinson v. Gov't of Malaysia*, 269 F.3d 133, 141 (2d Cir. 2001).

## III.

The IDEA provides that "[a]ny party aggrieved by the findings and decision made" under the IDEA by a state special education hearing officer may appeal that decision "in any State court of competent jurisdiction or in a district court of the United States without regard to the amount in controversy." 20 U.S.C. § 1415(i)(2)(A). The statute also requires, however, that the would-be appellant file his appeal within "90 days from the date of the decision of the hearing officer . . ., or,

if the State has an explicit time limitation for bringing such an action under this subchapter, in such time as the State allows." 20 U.S.C. § 1415(i)(2)(B). Both parties agree that Connecticut has enacted such a provision. Section 10-76h(d)(4) of the Connecticut General Statutes states, "Appeals from the decision of the hearing officer or board shall be taken in the manner set forth in section 4-183, except the court shall hear additional evidence at the request of a party." In turn, § 4-183, which is part of Connecticut's Uniform Administrative Procedure Act, requires that

> within forty-five days after mailing of the final decision under section 4-180 . . . a person appealing as provided in this section shall serve a copy of the appeal on the agency that rendered the final decision at its office or at the office of the Attorney General in Hartford . . . . Within that time, the person appealing shall also serve a copy of the appeal on each party listed in the final decision at the address shown in the decision, provided failure to make such service within forty-five days on parties other than the agency that rendered the final decision shall not deprive the court of jurisdiction over the appeal.

Conn. Gen. Stat. § 4-183(c). It is undisputed that the Department is the "agency that rendered the final decision" for purposes of § 4-183(c). It is also undisputed that while the Powerses filed this action and served the Board – the only defendant – within 45 days after mailing of the final decision, they did not serve a copy of the complaint on the Department within the 45 days.

The Board argues that the failure to serve the Department with a copy of the complaint within 45 days deprives this Court of subject matter jurisdiction, and the fact that Plaintiffs timely filed their appeal naming the Board as a defendant is irrelevant. The Court disagrees. In support of its argument, the Board relies heavily upon *Citizens Against Pollution Northwest, Inc. v. Connecticut Siting Council*, 217 Conn. 143 (1991), in which the Connecticut Supreme Court affirmed a trial court's dismissal of an administrative appeal for lack of subject matter jurisdiction where the appellant failed to serve copies of the appeal upon all parties of record within the statutorily required

3

time frame.[2] As the court there noted, "Appeals to courts from administrative agencies exist only under statutory authority. A statutory right to appeal may be taken advantage of only by strict compliance with the statutory provisions by which it is created. Such provisions are mandatory, and, if not complied with, the appeal is subject to dismissal." *Id.* at 152 (citations omitted). The Board also relies on *Wills v. Ferrandino*, 830 F. Supp. 116 (D. Conn. 1993). There, the question was the appropriate statute of limitations for the filing of an appeal with the district court under the IDEA. The court concluded that the 45-day period set forth in § 4-183(c) governed, and stated that "[s]trict compliance with the 45-day statute of limitations period [found in Connecticut state law], therefore, is a prerequisite to the court's subject matter jurisdiction over any claim brought under § 1415(e)(2) of the IDEA." *Id.* at 122. Notably, however, *Wills* did not concern the service requirements of § 4-183(c).

Although *Wills* highlights that strict compliance with relevant state statutes of limitations is required to maintain an IDEA action, the Board errs in assuming that the *service* requirements detailed in § 4-183(c) also apply to actions filed in federal courts under the IDEA. The only aspect of Connecticut's state law that federal courts must borrow under the IDEA is the time limit for filing IDEA actions in federal courts. Nothing in the IDEA itself implicitly or explicitly requires the application of the entirety of § 4-183(c) to IDEA actions filed in federal court, and in fact Defendants concede that the section's provisions regarding venue are not binding on federal plaintiffs.[3] *See Mrs. B. v. Milford Bd. Of Educ.*, Civ. No. 3:93-1723(JAC), 1994 WL 30941 (D. Conn. Jan. 25, 1994)

---

[2] The statute has since been amended so that only a failure to serve the agency that rendered the final decision results in a lack of subject matter jurisdiction.

[3] Section 10-76h(d)(4) also states, "Notwithstanding the provisions of section 4-183, such appeal shall be taken to the judicial district wherein the child or pupil resides."

("The case did not stand for the sweeping proposition that all requirements of a state APA applied in IDEA cases. . . . These cases [cited by defendants] did not hold that a plaintiff must include the state as a defendant as a jurisdictional requirement, much less that a plaintiff's failure to join the state as a defendant deprives a *federal* court of subject matter jurisdiction over an IDEA claim."). In short, while Connecticut law may determine the applicable limitations period for filing actions in federal court, it is the *Federal Rules of Civil Procedure*, not state law, that govern the service requirements once an action is filed in federal court.

The Supreme Court has explicitly endorsed this narrow approach to borrowed statutes of limitations. Thus, in *West v. Conrail*, 481 U.S. 35 (1987), for example, the Court addressed the proper extent of borrowing from state law in the context of the National Labor Relations Act. The Court stated, "The only gap in federal law that we intended to fill in *Del Costello [v. Teamsters*, 462 U.S. 151 (1983),] was the appropriate limitations period. We did not intend to replace any part of the Federal Rules of Civil Procedure with any part of § 10(b) of the National Labor Relations Act." *West*, 481 U.S. at 38. Even more on point, the Court continued,

> We decline respondents' invitation to require that when a federal court borrows a statute of limitations to apply to a federal cause of action, the statute of limitation's provisions for service must necessarily also be followed . . . . *[W]hen it is necessary for us to borrow a statute of limitations for a federal cause of action, we borrow no more than necessary.*

*Id*. at 39 (emphasis added).

Accordingly, Plaintiffs' failure to comply with the service requirements of § 4-183(c) does not deprive this Court of subject matter jurisdiction. If the Department wishes to intervene, it may certainly seek to do so.

## IV.

Thus, for the reasons stated, the Board's Motion to Dismiss [doc. # 11] is hereby DENIED.

IT IS SO ORDERED.

/s/      Mark R. Kravitz      
United States District Judge

**Dated at New Haven, Connecticut: October 16, 2007.**